UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAPOLEON FOSTER** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-9876** |
| **STATE OF LOUISIANA THROUGH THE DEPT. OF CORRECTIONS AND ORLEANS PARISH, HUNTS, CONCORDIA PARISH, MARLIN GUSMAN** | **SECTION "N" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 20)** filed by the defendant, the State of Louisiana through the Department of Public Safety and Corrections, in which the defendant seeks dismissal of the plaintiff's claims for lack of subject matter jurisdiction and the doctrine of sovereign immunity.  The plaintiff has not filed opposition to the motion.

The motion, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  The Court has determined that these matters can be resolved without an evidentiary hearing.

I.      **Factual and Procedural Background**

    A.      **The Complaint**

The plaintiff, Napoleon Foster ("Foster"), filed this *pro se* and *in forma pauperis* complaint brought pursuant to Title 42 U.S.C. § 1983 and the Court's supplemental jurisdiction over state claims. Foster was not incarcerated at the time of the filing of this petition. In addition, counsel has since enrolled on his behalf.

Foster filed suit against the State of Louisiana through the Department of Public Safety and Corrections ("DOC"), Orleans Parish, Elayn Hunt Correctional Center (erroneously identified as "Hunts"), Concordia Parish, and Orleans Parish Criminal Sheriff Marlin Gusman, alleging that he was being held in the Orleans Parish Prison system ("OPP") at the time Hurricane Katrina struck the New Orleans area on August 29, 2005. Foster alleges that he was incarcerated in OPP on a misdemeanor charge, and after Hurricane Katrina, he was wrongly transferred to Elayn Hunt Correctional Center ("Hunt"). He also complains that he remained at Hunt beyond his anticipated release date of November 17, 2005.

Foster also alleges that, at some unspecified point during his incarceration in OPP, he was injured when he fell from a bunk. He claims that he requested medical care but did not receive it. He also alleges, without specificity, that the conditions of his confinement at OPP were inhumane because he was denied food, held without a formal charge, and was not provided legal services.

    B.      **The State's Motion to Dismiss**

The State of Louisiana, through the DOC, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) alleging that this Court lacks jurisdiction over the claims against it because of the Eleventh Amendment's sovereign immunity doctrine. This motion was originally set for hearing

before the undersigned Magistrate Judge for February 27, 2008. On consensual motion of the parties, the hearing was continued to March 26, 2008 to allow counsel to enroll on plaintiff's behalf and to allow counsel time to prepare an opposition to the motion.

Plaintiff's counsel enrolled in the case on March 19, 2008. The plaintiff has not filed an opposition to the motion. The Court will address the substance of the motion and, pursuant to its statutory duty, the Court will conduct a review for frivolousness of those claims and defendants not addressed in the motion.

**II.     Standards of Review**

  **A.     Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)**

Pursuant to Fed. R. Civ. P. 12(b)(1), the court may dismiss a complaint on motion of the defendant if the court lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). The standard of review for such a motion is the same as that applied for a motion brought under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.*, 127 S. Ct. at 1965 (quotation marks, citations,

and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*., 127 S. Ct. at 1965 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In resolving a Rule 12(b) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Further, the Fifth Circuit has held that when reviewing *pro se* complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint, and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106

(1976). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

      **B.**     **Standard of Review for Frivolousness**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A.     Motion by the State of Louisiana**

The State, through the DOC, seeks dismissal of the claims against it because the State is immune from suit and, therefore, the Court lacks jurisdiction to consider Foster's claims. The defendant's motion has merit.

Foster named the State of Louisiana, through the DOC, as a defendant in this case. The DOC is in fact a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985).

Therefore, suit against the State or the DOC implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)). The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, neither the State nor the DOC have expressly waived immunity

in this case.  In addition, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Accordingly, the Court is without jurisdiction to hear Foster's claims against the State of Louisiana, through the DOC, and the State's motion should be granted.  Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against this defendant, those claims should be dismissed without prejudice.  *See Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996).

### B.      Review for Frivolousness

Having resolved the pending motions, the Court will now conduct its review for frivolousness of Foster's federal and state claims against the remaining defendants.  In addition to the State of Louisiana and Sheriff Gusman, Foster included Hunt, Orleans Parish, and Concordia Parish, in the caption of his *pro se* complaint.  He did not express why he did so or urge claims against these entities.  The Court, out of an abundance of caution, also will address these parties.

#### 1.      Sheriff Gusman

Foster named Sheriff Gusman as a defendant without specifying any actions by or claims against him.  Under a broad reading, Foster appears to have sued Sheriff Gusman as the supervisor or administrator of OPP.  His claims against the Sheriff are frivolous and otherwise fail to state a claim for which relief can be granted.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"  *Estelle*, 429 U.S. at 102-03 (citations omitted).  "[C]onditions that cannot be said to be cruel

and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Thus, even if Foster's complaints that a deputy or other personnel did not provide him with requested medical care, food or legal assistance, during his incarceration at OPP, Sheriff Gusman can not be held liable.

Instead, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Furthermore, the official must have acted with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

Foster does not allege that Sheriff Gusman knew about or was personally involved in his medical care, the conditions of his confinement, the timing of his release from DOC, or his alleged need for legal assistance, either before, during, or after Hurricane Katrina. Foster also has not alleged any intentional indifference on the part of Sheriff Gusman. Without some personal connection to, action by, and intentional indifference of Sheriff Gusman, either before or after Hurricane Katrina, Foster's claims against the Sheriff are based on a meritless legal theory and otherwise fail to state a claim for which relief can be granted.

Furthermore, to the extent Foster intends to allege that Sheriff Gusman is responsible for his damages under a tort theory of negligence, his federal claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.") Foster's § 1983 claims sounding in negligence are therefore frivolous.

In conclusion, Foster has not alleged that Sheriff Gusman knew about or personally acted with deliberate indifference to his safety, medical needs, or the conditions of the prison before, during, or after the unprecedented events resulting from Hurricane Katrina. Foster's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

## 2. **Elayn Hunt Correctional Center**

Foster named the Elayn Hunt Correctional Center in the caption of his complaint. He did not specify any allegations against that entity. Even if he had, his claims against that entity are frivolous, fail to state a claim for which relief can be granted by this federal court, and seek relief against an immune defendant.

Hunt is a state operated correctional facility under the control and administration of the DOC.[1] As noted above, the DOC is a department within the Louisiana state government and is entitled to Eleventh Amendment immunity from suit in federal court. *Anderson*, 655 F. Supp. at 564. Therefore, suit against Hunt is prohibited by the Eleventh Amendment. *Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing

---

[1] See La. Rev. Stat. Ann. § 36:408 which defines the purpose and function of the Louisiana Department of Public Safety and Corrections. It provides as follows in pertinent part:
    A.    The purpose for which the offices of the Department of Public Safety and Corrections are created shall be as set forth in this Section. . . .
    G. (1)    The office of adult services shall perform functions of the state relating to correctional institutions, work release programs, and the probation and parole programs for adults and children transferred to adult facilities of the department in accordance with the Children's Code, including functions relating to the operation and maintenance of . . . Elayn Hunt Correctional Center . . .

*Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

Foster's claims, if any, against Hunt are frivolous, fail to state a claim for which relief can be granted, and otherwise seeks relief from an immune defendant and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### 3. Orleans Parish and Concordia Parish

Foster also lists Orleans and Concordia Parishes in the caption of his complaint. He has not stated a basis for having done so or any claims against either Parish or its government. For the following reasons, any claims against these Parishes is frivolous and otherwise fails to state a claim for which relief can be granted.

Orleans Parish and Concordia Parish, as local governing bodies, are "persons" within the meaning of § 1983 and therefore are subject to suit under that provision. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *International Woodworkers of America v. Champion International Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Foster has not alleged any basis for having named either Parish in his complaint. He has not identified a parish policy which caused the alleged violations he asserts in

the manner contemplated *Monell*. Consequently, the claims against Orleans Parish and Concordia Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e) and § 1915A.

### C.     State Law Negligence Claims

In the complaint, Foster has invoked the supplemental jurisdiction of this Court under Title 28 U.S.C. § 1367 over his state tort claims against the named defendants. He has not specified any specific tort or violation of state statute by any of the defendants. Under a broad reading, Foster complains about his erroneous transfer, the delayed release from DOC, and the negligent treatment at OPP. These claims may be considered under a state law theory of negligence. *See* La. Civ. Code art. 2315 *et seq.* The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The Court is recommending dismissal of Foster's federal claims in their entirety either as frivolous, failure to state a claim for which relief can be granted, or for lack of jurisdiction. Therefore, his state law claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

### IV.     Recommendation

It is therefore **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 12)** filed by the State of Louisiana through the Department of Public Safety and Corrections be **GRANTED** and Foster's § 1983 and state law claims against this defendant be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

It is further **RECOMMENDED** that Foster's § 1983 claims against Sheriff Gusman, Elayn Hunt Correctional Center, Orleans Parish, and Concordia Parish, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking monetary relief against an immune defendant pursuant to Title 28 U.S.C. § 1915e and § 1915A and Title 42 U.S.C. § 1997e, as applicable.

It is further **RECOMMENDED** that Foster's state tort claims be **DISMISSED WITHOUT PREJUDICE** to his ability to pursue the claims in the appropriate state forum because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 9th day of July, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**